UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYESHA MCGEE,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.
_____/

Case No. 24-11049

F. Kay Behm
United States District Judge

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS (ECF No. 2) AND SUMMARILY
DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 5)**

**I.  PROCEDURAL HISTORY**

Plaintiff Myesha McGee, proceeding *pro se*, filed a complaint against the State of Michigan on April 19, 2024.  (ECF No. 1).  Plaintiff filed an amended complaint on April 30, 2024.  (ECF No. 5).  Plaintiff's amended complaint raises claims against the State of Michigan based on actions taken by multiple state courts that Plaintiff contends violate her rights under the Centers for Disease Control order temporarily halting residential evictions, and the Fourth and Fourteenth Amendment to the United States Constitution.  *Id*.  She seeks multiple millions of dollars in damages.  *Id*.

Plaintiff also filed an initial application to proceed *in forma pauperis* and an amended application on April 30, 2024. (ECF Nos. 2, 6). The court finds the application supports her claims and **GRANTS** Plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e) and is barred by sovereign immunity.

## II.     STANDARD OF REVIEW

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**III.    ANALYSIS**

The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Section 1983 provides a civil enforcement mechanism and remedy for constitutional injuries caused by defendants who act under color of state law. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008). Though 42 U.S.C. § 1983 was adopted pursuant to § 5 of the Fourteenth Amendment, Congress did not indicate its intent to abrogate state sovereign immunity and therefore, Eleventh Amendment immunity is preserved. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). "It is well established that § 1983 does not abrogate the Eleventh Amendment and that Michigan has not consented to the filing of civil rights suits against it in federal court." *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997). Accordingly, Plaintiff's claims under the Fourth and Fourteenth Amendment against the State of Michigan, which can be enforced only through § 1983, are barred by sovereign immunity.

Similarly, to the extent Plaintiff asserts a claim against the State of Michigan for violations of the CDC's Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 ("CDC Order"), courts have repeatedly held that the CDC Order did not create a private right of action. *Goodall v. Casper*, 2023 WL 3553130, at *3 (W.D. Ky. May 18, 2023) (collecting cases). Thus, the amended complaint fails to state a claim in this regard.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's amended complaint is **DISMISSED** in its entirety because it seeks to bring constitutional claims for money damages against the State of Michigan, which are barred by sovereign immunity and because it fails to state a claim on which relief may be granted under the CDC Order. Therefore, while Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e). This is a final order and closes the case.

    **SO ORDERED**.

Date: May 14, 2024                      s/ F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge